THE STATE OF DELAWARE, upon the relation of ROBERT C. WHITE, Attorney-General, vs. JOSEPH HANCOCK, FRANKLIN TEMPLE, WILLIAM W. POWERS, THEODORE TOWNSEND, HENRY REICHART, JOHN D. HAWKINS, LUCIUS P. CAMPBELL, E. C. HANCOCK and HOWARD M. WILKINSON.

Quo Warranto—Local Action—Stare Decisis.

1. The action of quo warranto held to be local on the authority of Knight and Kennedy vs. Ferris., 6 Houst., 283, decided by the Court of Errors and Appeals, and State vs. Green, 1 Pennewill, 63, in Superior Court.

2. The case at bar not distinguished with such clearness from those cases as to satisfy the Court that it is taken out of the rule of law there laid down.

(September 23 and 28, 1899.)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

Robert C. White, Attorney-General, and Henry Ridgely, Jr., for the State.

*William S. Hilles* and *Anthony Higgins* for the respondent.

Superior Court New Castle County, September Term, 1899.

RULE TO SHOW CAUSE why an information in the nature of a writ of *quo warranto* should not issue against the above named defendants, assuming to act as a corporation under the name of " Delaware Electric Railway Company"—(No. 3., Nov. Term, 1899).

On September 23d (the defendants being unrepresented in Court by counsel), *Mr. Ridgely*, of counsel for the State, asked that the writ might issue in the above named case without the issuance of a rule to show cause; contending that while the Court as a safeguard in a *quo warranto* proceeding where there was a private relator would issue a rule to show cause, yet that when the Attorney-General made the application representing the State, the writ was issued as a matter of course without a rule to show cause, as the Court in that case presumed that the matter was one of public importance.

No authorities were cited.

LORE, C. J. :—We think that the rule to show cause should issue. Such has been the practice in this State in a case precisely similar to this, being an information of the Attorney-General against John W. Green, *1 Pennewill, 63*. That has been the practice which has governed us in this State; and while it may not be necessary that the rule should issue, still we deem it best to adhere to the practice. There seems to be no satisfactory reason for departing from it.

The Court on petition ordered the issuance of a rule to show cause why an information in the nature of a writ of *quo warranto* should not issue, to be returnable September 28, 1899, at 10 o'clock, a. m.

The rule issued was in the following form :

" September Term, A. D. 1899.    To wit, September 23, A.

D. 1899, upon motion of Henry Ridgely, Jr., Esquire, to the Superior Court of the State of Delaware, in and for New Castle County, a rule is granted on you" (naming the defendants) "to appear and be before the Judges of our said Superior Court of the State of Delaware in and for New Castle County, at Wilmington, on Thursday, the 28th day of September, A. D. 1899, at ten o'clock a. m., to show cause if any you have why leave should not be granted to Robert C. White, Attorney-General of the State of Delaware, to file an information against you" (naming the defendants), "in the following words and figures to wit":

(Omitting the caption, the information was as follows):

"New Castle County, ss.

"Robert C. White, Attorney-General of the State of Delaware, who sues for the said State of Delaware in this behalf, comes here before the Judges of the Superior Court of the State of Delaware, in and for New Castle County, on this 23d day of September, 1899, at the September Term of said Court, and for the said State of Delaware gives the said Court here to understand and be informed that" (naming the defendants) "are unlawfully and without any warrant, grant or charter assuming to act as a corporation under the name of 'Delaware Electric Railway Company,' and by that name are assuming perpetual succession, and by that name to sue and be sued, plead and be impleaded, answer and be answered unto, defend and be defended in any and all courts and places whatsoever whether in this State or elsewhere in all manner of actions, suits, complaints, pleas, causes, matters and demands whatsoever, and further by that name are assuming the power to purchase, lease, take, hold and own by contract, deed, devise, bequest, gift, assignment, or otherwise, estates real, personal or mixed of every kind, and the same to grant, mortgage, sell, lease, alien, convey and dispose of, and further to consolidate or merge with any corporation, and to have a common seal and to make and ordain by-laws, and assume to exercise and enjoy all the franchises incident to a

corporation duly incorporated and organized for the purpose of locating, constructing and operating a railway, the cars and carriages of which to be propelled by any motive power other than steam; and also unlawfully and without the authority of law and without any warrant, grant or charter assume to exercise the right of eminent domain and to locate, construct, maintain and operate a railway from a point on the Delaware Bay shore at or near Woodland Beach, in Kent County, State of Delaware, to and into the town of Milford, in Kent County aforesaid; the cars or carriages of which to be propelled by any motive power other than steam, and further unlawfully and without the authority of law and without any warrant, grant or charter assume the right to use the public roads of Kent County, and public bridges over said roads, and the streets of the town of Dover in Kent County and the streets of other towns in Kent County, for the purpose of their said railway, and in fact have located a portion of their said railway within the past two months on the State Road immediately south of and near the town of Dover aforesaid, and thereby are obstructing the free use of a portion of the said State Road, all of which said liberties, " privileges and franchises the said" (naming the defendants) "have usurped and still do usurp to the great damage and prejudice of the State of Delaware, whereupon the Attorney-General prays that the said Court do grant a writ of *quo warranto* directed to the said" (naming the defendants) "commanding them and each of them that they be and appear in said Court on some day to be named by said Court to show by what warrant or authority they claim to have and exercise the liberties, privileges and franchises aforesaid.

"ROBERT C. WHITE,
"Attorney-General of the State of Delaware."

When the rule came on to be heard, *Hilles* and *Higgins* stated that they represented the four defendants in the rule who had been served with process, and contended that as the proceeding was local

to Kent County, on the authority of *Knight & Kennedy vs. Ferris,* *6 Houst. 283, and State vs. Green 1. Pennewill, 63,* the Superior Court sitting in New Castle County was without jurisdiction to hear and determine the matter.

*Henry Ridgely, Jr.,* for the State :

The broad distinction between local and transitory actions, is that where the cause of action could only have arisen in a particular place or locality, it is local, otherwise, transitory. Where the cause of action did actually arise is immaterial if it could have arisen elsewhere.

There are but two rulings in our own State which bear upon this subject,—*State vs. Green, 1 Pennewill, 63,* and *Knight & Kennedy vs. Ferris, 6 Houst., 283.* In the former of these cases the proceeding was by information against one assuming to exercise the office of a Levy Court Commissioner in Sussex County. The proceeding being before the Court in Kent County plainly was the case involving merely a local office; no single imaginable duty of which could posibly have been exercised without the limits of Sussex County. Furthermore, the Court in this case make no ruling on the point as to whether *quo warranto* is a local or transitory action, except as laid down in the case of *Knight & Kennedy vs. Ferris* in which case it was sought by mandamus to compel the judges of an inspectors' election in New Castle County to make and sign a certificate of election, the proceedings being before the Court in Sussex County. In the case last mentioned, the Court do not go further than to say that when the proceeding is relative to a local office, or a municipal corporation, it is local ; and show clearly how no single duty of the defendants could have been exercised outside of New Castle County. In the present case the power to construct and operate the railway could only have been exercised in Kent County, yet the other corporate powers specified in the information might and could have been assumed anywhere in the State.

The case of *Knight & Kennedy vs. Ferris* is not against the present application, but inferentially, at least, in favor of it; for that

the Court in that case intended to confine their ruling, that *quo warranto* is a local action to cases involving a local public office, and a local (municipal) corporation, is shown not only from the opinion, but also from an examination of the authorities cited in the opinion on that point.

LORE, C. J.:—If the question raised in this case were before us for the first time we are not prepared to say what course we would take; but in view of the decision in the case of *Knight and Kennedy vs. Ferris, 6 Houst., 283,* in the Court of Errors and Appeals of this State, which decision was the opinion of the Chancellor and seemed to be the opinion of the Court—which was followed by this Court in the case of *State vs. Green, 1 Pennewill, 63*—we feel that we must be controlled by those cases. The Superior Court will not undertake to set aside the decision of the Court of Errors and Appeals or of the Superior Court in the case mentioned. We do not feel that the case now before the bar of this Court has been distinguished with such clearness from that case as to satisfy us that it takes it out of the rule of law there laid down. Therefore the judgment of the Court is that the rule be discharged.

Rule discharged.